AYRES, Judge.
This is a proceeding whereby the State of Louisiana, through the Department of Highways, expropriated, for highway pur *781 poses in connection with the construction of Interstate 20, a described parcel of land and the improvements thereon as well as a leasehold interest therein. On obtaining the order of expropriation plaintiff deposited in the' registry of the court and tendered in payment for the full ownership of the property'the sum of $35,950.00. The market value of the land and the improvements taken was fixed in accordance with appraisals made on a basis of replacement costs less depreciation, to which were added severance damages sustained by the remainder of the tract. The aggregate, $37,442.76, was awarded the owners-lessors, James M. Holmes and Mrs. Fleeta Adkins Holmes. The market value of the leasehold interest or lease advantage was fixed in the additional sum of $12,000.00 and awarded the lessees, Jimmy ,L. Cor-dell and Mrs. Alma Williams Cordell. The awards were made in separate judgments. From these judgments, plaintiff appeals and complains that the court erred:
1. By failing to reach a conclusion of market value in this case by 'determining the value of the property as a whole owned by a single person unencumbered and then apportioning the amount of such value among the interests involved, that is, the fee owner and the lessees.
2. By incorrectly finding a market value of the property for the owner and a market value of the leasehold interest for the lessees separately .and adding the amounts of these conclusions to establish just compensation for the property interests expropriated.
3. In calculating the lease advantage for a total term of sixty (60) months, which included an option for an additional three years or thirty-six (36) months which did not begin until January 1, 1966, and whether the lessees would have or could have exercised such option, if the lease had remained in effect, is speculative and conjectural and such additional term does not represent a proper and bona fide basis on which to calculate the lease advantage.
No issue is presented in this court as to the award made to the owners and lessors of the property. Plaintiff opposes the separate and additional award made to the lessees and contends that whatever award the lessees are entitled to should be deducted from and paid out of the award made to the owners.
As an aid to an understanding of these questions as they are resolved, some comment on the terms of the lease involved is deemed appropriate.
On an unspecified date in December, 1958, James M. Holmes and Mrs. Fleeta Adkins Holmes, now divorced, leased unto Jimmy L. Cordell, married to Mrs. Alma Williams Cordell, also now divorced, the premises in question, land and improvements, located at 254 Benton Road, Bossier City, Louisiana, for a primary term of four years commencing January 1, 1959, and ending December 31, 1962, “with the option to renew this lease for an additional three years, that is, from January 1, 1963, and ending on December 31st, 1965, and with an additional option to renew this lease for an additional three years, that is, from January 1, 1966, and ending on the 31st day of December, 1968.”
The lease contains these additional recitals :
“The consideration for this lease and the two renewal options mentioned herein above is the sum of Two Hundred per month, to be paid by Lessee to Lessors on or before the last day of each calendar month during the period for which this lease is to remain in effect.
“It is understood and agreed by and between the parties hereto that the above mentioned consideration of $200.00 per month is based upon and includes both the rental for said premises as well as both of the two renewal options above mentioned.”
*782 The test for determining the amount of recovery by a lessee for the loss of his lease in condemnation proceedings, is, simply stated, the difference, if any, between the market value of the lease and the actual rental he is paying, multiplied by the number of months remaining on the lease, discounted to its present value.
In determining the rights of lessees to compensation in expropriation proceedings, the Supreme Court, in In re Morgan R.R. & S.S. Co., 32 La.Ann. 371 (1880), held, as declared in the syllabus:
“If the right of lessee is worth no more than'he has agreed to pay in fu-turo for it, the expropriator of that right would pay him nothing, as it is worth nothing. But if the right of lease will bring a greater sum than it is to cost the lessee, the latter is entitled to be paid the amount of such excess, which amount cannot be charged upon the sum fixed for the rights of the owner, unless the owner has received the rent in advance, or unless the value of his right has been fixed by reference to the present actual value of the lease.” (Emphasis supplied.)
This rule, emphasized by the Supreme Court in State v. Ferris, 227 La. 13, 78 So.2d 493, 497 (1955), was pointed out as a sound guide for a determination of the rights of lessees to compensation in expropriation proceedings.
In the Morgan case, the Supreme Court approved an award to the owner of $8,-000.00 for the land and the additional sum to the lessees of $15.00 a month for the remainder of the term of the lease, predicated upon the difference between the monthly contract rent and the economic rent.
In the Ferris case, the court again affirmed an award in favor of a landowner in the sum of $17,231.50 for land and improvements taken predicated upon an appraisal of a building on a square-foot basis and the land on a front-foot basis, and an additional award of $987.50 to the lessee for an excess rental value of $25.00 per month for the remainder of the term of the lease.
In State, through Department of Highways v. Cockerham, 182 So.2d 786, 791 (La.App., 1st Cir. 1965-writ denied), the same contention was made as is now made in this case, that is, that the lessee’s award must be deducted from the owner’s award and not made in addition to it. After reviewing the Morgan and Ferris cases, as well as State, through Department of Highways v. Levy, 242 La. 259, 136 So.2d 35 (1961), the court made this appropriate observation:
“Hence, in the expropriation of property encumbered with a lease, the rights of both the owner and the lessee must be reckoned with in acquiring perfect ownership. The owner, of course, must be paid the fair market value of the property taken; and the lessee must be paid the fair market value of any lease advantage he possesses. Two separate and distinct sets of rights are being acquired in the taking. Where an owner has granted a lease on the property taken, he is powerless to transfer to the expropriator any greater right of ownership than he possesses at the time. The lessee, through the lease, has acquired certain rights on the property. These are entirely distinct from those retained unto the lessor. For the expropriator to acquire perfect ownership, he must expropriate the rights of the lessee, and in doing so, he must compensate the lessee the fair market value of those rights. The amount the expropriator owes the lessee is the monetary difference between the rent he has contracted by the lease to pay to the lessor and the price that the property would lease for at the time of the taking. Stated another way: The expropriator owes the lessee the difference between the contract rent and the economic rent; the contract rent being that which the lessee contracted to pay to the lessor and *783 the economic rent being that which the property would bring on the market at the time of the taking. The difference between these two amounts is what is called lease advantage. If there is a lease advantage, the expropriator must pay the value thereof to the lessee. This amount is not owed by the owner to the lessee unless the owner has received the rent in advance or the value of the owner’s property has been fixed in relation to the present actual value of the lease. If the value of the owner’s rights have [ííc] been determined in reference to the contract rent, the expropriator owes the lessee for the value of his rights taken; however, if the value of the owner’s rights have [sic] been fixed in reference to the economic rent, then the lessee’s rights will be compensated for from the proceeds paid to the owner. If there is no lease advantage, the expropriator owes the lessee nothing. See: State Through Department of Highways v. Levy, supra.” (Emphasis supplied.)
In the Cockerham case the court calculated the awards to the owner and to the lessees separately and accordingly made additional awards to the lessees.
Thus, we may observe it is only when an award to a landowner is calculated on the income approach (capitalization of income to arrive at value), using the economic rent or rental value and not the contract rent, that an award to a lessee for his economic advantage is deducted from the award to the landowner. However, where an award to a landowner is calculated on any other basis, an award to a lessee is in addition to the award to the landowner and must be paid by the expropriating authority. Therefore, we find no error or basis for disagreement with the trial court with respect to the first and second of plaintiff’s assignments of error.
With respect to the third assignment of error, it may be noted no complaint is made as to the court’s finding that the difference between the economic rent and that contracted to be paid by the lessees was $200.00 per month. The assignment relates to a term of 36 months in an option covering a period of time beginning January 1, 1966, after the property had been expropriated. In this regard, it may be pointed out, by reference to the terms of the lease quoted above, the monthly payments were specifically recited to constitute an addition to the rent consideration for the options to renew the lease. The lessees’ right and option to renew the lease were therefore absolute, a right and an option which they had bought and paid for. While no specific authority from this State on the precise point at issue has been cited or revealed by our independent research, 4 Nichols on Eminent Domain, § 12.42 [3], pp. 314-315, states:
“In determining the compensation to which a lessee is entitled it is necessary to compute the value of the use and occupancy of the balance of the lessee’s term, taking into consideration the effect thereon of the lessee’s right of renewal, if any, and deducting therefrom the agreed rental which the lessee would have paid pursuant to the terms of the lease.”
See the authorities therein cited.
In the instant case it may be noted that Jimmy L. Cordell, lessee, was in charge of the leased premises and operating his business at the time of the expropriation November 26, 1963. There was no indication or showing of an intention to abandon the lease; with a lease advantage of $200.00 per month, it is inconceivable and unrealistic to suppose the lessee would not have exercised the option and maintained the lease in effect.
The judgments appealed are therefore affirmed at plaintiff-appellant’s costs.
Affirmed.