SAVOY, Judge.
This is an expropriation proceeding by the State of Louisiana through the Department of Highways involving a taking on Louisiana Highway 1 near Alexandria, Louisiana.
The instant matter was commenced by the filing of a petition for an order of expropriation and the entry of such an order with a deposit of $24,250.00 into the Registry of the court on October 19, 1970.
Answers were filed by the defendant-owner, Luther E. Branch, Jr., and by the defendant-lessee, Willie Campbell.
Following the trial of the merits judgment was rendered in favor of Luther E. Branch, Jr. and against the State of Louisiana through the Department of Highways for the sum of $31,674.00, representing the value of the land taken. Judgment was further rendered against deféndáht-'lesábe, Willie Campbell, dismissing his demands with prejudice and at his cost.
From this judgment the defendant-lessee, Willie Campbell, has perfected the instant appeal.
The only question before this Court is the correctness of the trial court’s ruling that the defendant-appellant is not entitled to receive any remuneration as a result of this taking.
Defendant-appellee, Luther E. Branch, Jr., has timely filed in this Court a motion to dismiss the appeal which was taken by the lessee, defendant-appellant, Willie Campbell.
We will consider first the motion to dismiss the appeal.
MOTION TO DISMISS APPEAL
The order for appeal in the instant matter was taken on October 8, 1971, from a judgment of the Ninth Judicial District Court for the Parish of Rapides dated October 8, 1971. The appeal was taken from that portion of the judgment dismissing the demands of the lessee, Willie Campbell, defendant-appellant. In granting the appeal the trial court fixed the return date as November 26, 1971, and ordered that a $500.00 devolutive appeal bond be posted.
On November 19, 1971, defendant-appellant, Willie Campbell, filed a motion to proceed in forma pauperis under the provisions of LSA-C.C.P. Art. 5181, et seq. This order was granted by the district judge on November 19, 1971.
*549 No appeal bond was filed in this matter. The return date was subsequently extended by a motion of the Clerk of the district court. Within the time of the extended return date, the record in this matter was lodged in this Court.
Defendant-appellee, Luther E. Branch, Jr., contends in support of his motion to dismiss the appeal that the jurisdiction of the district court was divested on the granting of the order of appeal on October 8, 1971. Mover further takes the position that since no bond was filed within 90 days of judgment, and since the order granting the motion to proceed in forma pauperis was signed after the granting of the appeal, the order is invalid and without authority. Mover takes the position that after the granting of the appeal only this Court could have granted a motion to proceed in forma pauperis.
We find no merit in this contention.
This Court, in Hyatt v. Hartford Accident & Indemnity Co., 225 So.2d 102 (La.App. 3 Cir. 1969), faced the same question and a very similar set of facts. In that case we held that where no bond was filed but the district judge granted an order permitting the prosecuting of the appeal in forma pauperis and signed that order one day before the original return date, the appeal is not subject to dismissal for failure to file the appeal bond.
LSA-C.C.P. Art. 2088 makes it clear that the jurisdiction of the trial court is divested, and the jurisdiction of the appellate court attaches upon the filing of the appeal bond.
Mover further complains of certain irregularities in the affidavits filed in support of the motion to proceed in forma pauperis. We think this alone would not' entitle the mover to a dismissal of the appeal, but at most might entitle him to have the case remanded so as to afford him an opportunity to traverse the allegations contained in the affidavit. Mover has filed no pleadings seeking to have the case remanded, however, but seeks only to have the appeal dismissed.
For these reasons, defendant-appellee’s motion to dismiss the appeal taken by Willie Campbell is denied.
ON THE MERITS
As was stated above, the only question before the court in this matter is the correctness of the trial judge’s holding that defendant-appellant, Willie Campbell, is not entitled to receive any remuneration as a result of the taking in this matter.
The property involved is a parcel of land .426 acres in size. The improvements on the property consist of a concrete block building which was being leased by Campbell from the owner and used as a retail outlet for soft ice cream and drive-in foods. The lessee, Campbell, contends that at the time of the taking, he enjoyed an economic leasehold advantage over the contract rent.
In his written reasons for judgment, the trial judge stated, “the lessee adduced no proof regarding anything.”
The record in this case indicates that the lessee, Campbell, was paying a contract rent of $200.00 per month. In order to recover from the expropriator for any damages he might have sustained, it is incumbent upon the lessee to establish that the economic rent is greater than the contract rent, or, put another way, that the lessee enjoyed a leasehold advantage at the time of the taking. See Central Louisiana Electric Company v. Gamburg, 200 So.2d 733 (La.App. 3 Cir. 1967). See also, State of Louisiana, Department of Highways v. Holmes, 253 La. 1099, 221 So.2d 811; and State of Louisiana, Department of Highways v. D & J Realty Company, 254 La. 1149, 229 So.2d 344.
The trial judge, in his written reasons for judgment, further stated:
“It appears to the writer that if this particular location is such an advantageous location over all other areas in *550 this parish that the lessee would have come in with some records. There is no proof as to the gross sales or the net profits that this particular establishment has enjoyed. The court can take this failure to adduce this proof in no other light than that the facts would not have been to the benefit of this particular defendant. Particularly is this so when the writer informed counsel for this defendant, at the pre-trial conference, that this particular proof should be adduced in order to prove the leasehold advantage.
“This court holds that the lessee is not entitled to remuneration as a result of this taking.”
The appellant, Campbell, relies upon the testimony of the expert witness, Mr. Monsur, who, as stated by the trial judge, testified as to the real estate theory used to determine the amount of rent that an owner should receive in order to recoup his original capital outlay and realize a profit. However, no proof was adduced as to the initial cost of the structure, and the appellant-lessee did not go forward and apply the theoretical formula to which the expert testified to initial cost of the structure involved.
We think the trial court is correct in its reasoning that if the lessee did enjoy a leasehold advantage in this particular property as opposed to other similarly situated properties in the area, this could have been proven through a showing of gross sales and/or net profits of this particular business establishment. No such proof was adduced.
It is conceded by all parties, and we think correctly, that the lessee was in a position in this matter to suffer a possible loss or damages as a result of this taking. It is incumbent upon the lessee, however, to prove the damages he has sustained. Our examination of the record compels us to agree with the well-reasoned opinion of the trial court that the lessee simply failed in the instant matter to sustain the burden of showing that he suffered any damages.
The contract rent involved in this matter is $200.00 per month. One of the experts who testified during the trial is Darrel V. Willet, a member of the American Institute of Real Estate Appraisers, who testified that in his opinion the economic rent of the building and land in question was $200.00, which is equal to the contract rent.
Also, in addition to the testimony of Mr. Monsur and Mr. Willet, the court also had available to it the testimony of another expert, Mr. Thad Toups.
Mr. Toups testified that in his opinion the property, with improvements, in question had an economic rent of approximately $200.00 per month. Both Mr. Toups and Mr. Willet used two comparables of similarly situated soft-cream businesses of a drive-in variety to substantiate their testimony.
The testimony of Mr. Monsur, as we have already pointed out, offered no lease comparables or income figures to support the references in his testimony to^ the real estate formula used to establish economic rent on the basis of initial cost and subsequent return.
Thus, we think that this Court is faced substantially with a determination of the correctness of the trial court’s finding. We will not disturb the findings of fact of the trial court unless manifestly erroneous. We think that the conclusion of the trial court that there is no leasehold advantage here is amply supported by the evidence and testimony given at the trial on the merits. We find no error in that conclusion.
For these reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed to the defendant-appellant, Willie Campbell.
Affirmed.