319 So.2d 817 (1975)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Henry J. LeBLANC and Fremin Bros., Inc.
No. 10400.
Court of Appeal of Louisiana, First Circuit.
September 25, 1975.
*818 Johnie E. Branch, Jr., Asst. Gen. Counsel, Highway Dept., Baton Rouge, D. Ross Banister, Gen. Counsel, William W. Irwin, Jr., and Jerry F. Davis, Asst. Gen. Counsel, Baton Rouge, for appellant.
Sam A. LeBlanc, III, New Orleans, for defendant-appellee Henry J. LeBlanc.
Patrick W. Pendley, Plaquemine, for defendant-appellee Fremin Bros., Inc.
Before LANDRY, BLANCHE and BAILES, JJ.
LANDRY, Judge.
The State of Louisiana, Through the Department of Highways (Department), appeals judgment of the trial court awarding Henry J. LeBlanc (Owner) allegedly excessive value for land expropriated for highway purposes, and granting Owner's lessee, Fremin Brothers, Inc. (Lessee) an additional award as compensation for the expropriation of Lessee's allegedly established leasehold advantage.
The issues presented on appeal are: (1) The value of the land taken; (2) The alleged error of the trial court in granting Lessee an award of $1,898.70, in addition to the land value granted Owner, as the value of Lessee's expropriated leasehold advantage; and (3) The trial court's alleged award of excessive fees to Owner's expert witnesses. Owner has answered the appeal requesting an increase in the award for land value, and also requesting damages for frivolous appeal. We reverse the judgment awarding Owner damages for the land taken; we reverse the trial court's award of expert witness fees, and remand this matter to the trial court for further proceedings.
The instant taking was total. The expropriated tract comprised 4,477.36 square feet, situated on Louisiana Highway 1, within the municipal limits of White Castle, Iberville Parish. The property contained improvements utilized as a roadside dairy bar dispensing sandwiches, ice cream, soft drinks and similar food items. The premises were leased by Lessee who constructed some of the improvements situated thereon. The lease contained the following pertinent provision:
"In the event any portion of the land herein leased or the improvements are taken for highway purposes, this lease shall be automatically terminated."
At the commencement of trial, it was stipulated by the Department, Owner and Lessee that the value of the improvements involved was $16,000.00; that said item of damages was no longer in dispute, and said $16,000.00 would be divided equally between Owner and Lessee.
The Department then produced two appraisers, Dan Carlock and John Allphin who, utilizing the market data approach, valued the property at $8,059.00 and $7,970.00, respectively. After presenting the foregoing testimony, the Department rested.
Upon the Department's resting, the trial court declared a short recess during which the court apparently informed all counsel that the court had reached a conclusion as to the value of the land taken. When court reconvened, the trial judge in open court suggested that he render judgment disposing of the entire matter. Counsel for Lessee suggested that several issues remained concerning the interests of Owner and Lessee in and to the sum to be paid by the Department as compensation for the land. Counsel for Owner took the position that any leasehold advantage recovery *819 granted Lessee should be paid by the Department in addition to the amount the court might award Owner for the value of the land.
Owner and Lessee then offered the testimony of Kermit A. Williams and Gerald Dupont, Appraisers, to establish the present economic rental value of subject land. This evidence was tendered in support of Lessee's claim for damages for loss of leasehold advantage, and also in support of Owner's claim for additional compensation. The Department objected to the testimony on the ground that, assuming Lessee could establish a leasehold advantage, no recovery at all could be had by Lessee for such an item of damages because of the hereinabove quoted termination clause contained in the lease. Following protracted argument between counsel and discussion with the court as to the law and jurisprudence applicable to a claim of leasehold advantage in an expropriation proceeding, and the admissibility of Lessee's proposed evidence on this issue, the trial court ruled that the issues of improvement value and land value were settled, and the court would hear no further evidence on these questions.
Owner contends the parties, including the Department, reached an agreement as to the value of the land during an aside discussion which transpired while the Department was presenting its evidence as to land value. The Department vigorously denies such an agreement. Our review of the record shows no such specific agreement or stipulation by the Department. The record does disclose that the trial court and counsel for Owner and Lessee were of the view that an agreement had been reached with the Department as to land value. In this regard, we note the following in the record:
"COURT: Now, gentlemen, we have settled the issue of the land and the buildings, right?
LeBLANC (counsel for defendant-lessor): Yes.
COURT: I don't want to hear anything about it.
* * * * * *
(Counsel for defendant lessee, Pendley, suggested that the court could consider the appraisal records of defendants' witnesses, which were filed in the record, in determining the value of the land. The court interrupted him:)
COURT: I thought that you had agreed on that.
PENDLEY: Okay. Now, the second is the valueyes, I understand that.
COURT: That's not an issue before the court. You agreed
PENDLEY: Can I approach the bench for a minute, Your Honor?
COURT: Yes
PENDLEY: Off the record
(Discussion off the record.)
PENDLEY: All right. Back on the record. So, the court hasthe value of the land is set . . ."
The Department concedes no objection was made to the foregoing colloquy, and explained its failure to object on the ground that its counsel believed the court had decided upon the land value and that further discussion of that issue would be futile. We note that the record contains various comments by the Department's counsel which support this supposition. From the record as a whole, there is no justification for the conclusion that counsel for the Department agreed to a $10,000.00 land value as contended by Owner and Lessee.
It is the Department's position that there is no evidentiary support for the trial court's determination of a $10,000.00 land value, and that the only evidence of record concerning this issue is that of the Department's *820 own appraisers whose maximum valuation was $8,059.00. On this basis, the Department suggests the maximum award for land value cannot exceed Carlock's appraisal of $8,059.00.
Our review of Williams' testimony discloses that he made no attempt to value the land as such. All reference in his testimony concerning land value was a consideration of that factor only insofar as it related to his estimation of Lessee's leasehold advantage. Although Williams' appraisal report was introduced in evidence over the Department's objection, Williams was not examined concerning land value.
As noted, Dupont merely verified his appraisal report which was likewise introduced in evidence over the Department's objection. Dupont was not examined with respect to his estimate of land value appearing therein. It was merely stipulated that if Dupont did testify, he would testify to the valuations appearing in his report.
We find no support in the record for the trial court's determination of a land value of $10,000. We likewise find that Owner, in reliance on the trial judge's remarks in open court as to the finality of his opinion on land values, refrained from introducing expert testimony to establish Owner's claimed value of the land. Since the burden is upon Owner to establish a claim of value greater than that attested by the Department's experts, the ends of justice require a remand in this instance to afford Owner an opportunity to discharge this onus.
As to the value of Lessee's leashold interest, our jurisprudence follows the general rule that a lessee is entitled to compensation for the amount of a leasehold advantage, which is the difference between the value of the lease at the time of expropriation and the lease rentals Lessee has contracted to pay. If the value of the lease is equal to or less than the agreed rental, no leasehold advantage is due Lessee. If the present value of the lease is greater than the contract rent, Lessee is entitled to the difference. Where leasehold advantage is due the Lessee, it is payable out of the total market value of the property awarded the landowner who has burdened his land with the lease, if the value of the landowner's interest is determined on a basis including consideration of the economic value of the lease at the time of taking. In Re Morgan R.R. and S.S. Company, 32 La.Ann. 371 (1880); State, Through Department of Highways v. Holmes, 253 La. 1099, 221 So.2d 811 (1969); State, Through Department of Highways v. D & J Realty Company, Inc., 254 La. 1149, 229 So.2d 344 (1969); State, Through Department of Highways v. Thornton, 220 So.2d 217 (La.App.1969).
Our jurisprudence also recognizes an exception to the above general rule in that a lessee is disallowed recovery of compensation for the loss of a leasehold interest in those instances where the lease expressly provides for termination of the rental contract in the event of expropriation of the leased premises or a zoning change. See State, Through Department of Highways v. Sumrall, 167 So.2d 503 (La.App. 1964); Lafayette Airport Commission v. Roy, 265 So.2d 459 (La.App. 1972).
Owner and Lessee offered their own parol testimony to show that neither intended the termination clause as a relinquishment of any rights either party may have had against third persons, and that they intended only to terminate the lease as between themselves to avoid dispute between them in the event the land were taken. The Department objected on the ground that the lease provision is clear and unambiguous, and therefore unalterable by parol evidence. Owner and Lessee vigorously attack Sumrall and Roy, above, on the ground that Sumrall cites no authority for its holding, and Roy simply accepts Sumrall as established authority. Owner and Lessee contend that inclusion of a termination *821 clause in a lease is merely a restatement of the rule contained in LSA-C.C. art. 2697, which provides that if a leased object is taken for a public purpose the lease is terminated, and therefore that such a lease provision is intended only to affect the rights and liabilities of the contracting parties as between themselves. The trial court permitted Owner and Lessee to testify concerning what they meant by the termination clause despite the Department's objection. On appeal the Department complains of error in this regard.
We pretermit consideration of the effect of inclusion of the termination clause in subject lease. We do so because assuming, purely for argument's sake, that Lessee has not waived its right to claim a leasehold advantage, Lessee has failed to establish such an advantage in this instance.
The record establishes that Lessee was paying a contract rent of $100.00 monthly, which it had paid for approximately 17 years under a lease which had a remaining life of approximately 48 months. For Lessee to recover a leasehold advantage, Lessee must establish that the present value of the lease, or the economic rent, is greater than the contract rent, the difference between the two being the amount of his recovery.
The Williams and Dupont appraisals offered in evidence by Owner and Lessee each value subject property by fixing the land value based on comparables, and the improvement value predicated upon replacement cost less depreciation. Williams' report shows a land value of $11,193.00, and improvements value of $16,255.00, or a total of $27,448.00. Dupont's appraisal indicates a land value of $12,560.00, and improvements value of $16,150.00 making a total of $28,710.00.
Neither the Department, Owner nor Lessee was permitted by the trial court to examine Williams and Dupont concerning their land and improvement valuations, apparently on the ground that the trial court believed the matter of land and improvement value had been agreed upon in compromise. The trial court restricted all litigants to questioning of these witnesses upon the manner in which they determined the value of a purported leasehold advantage.
Williams calculated the economic rent by utilizing the total valuation of $27,448.00 which he found for land and improvements, on the basis above indicated, and determining the amount of rent an owner must receive to recoup such an investment over a 25 year period. He determined that a normal mortgage with average interest over the period would amount to $195.00 per month. To this he added $55.00 per month as a 1% per month owner equity return, which resulted in a total economic rent of $250.00 per month. He thus arrived at a leasehold advantage of $150.00 monthly over the contract rent of $100.00. He then calculated $150.00 per month at 12% compound interest over the remaining 48 months of the lease and discounted the figure thus reached, thereby attaining a present worth of the future rent advantage in the sum of $5,696.00. Williams offered no comparables to establish economic rent in this instance. Neither did he utilize income figures from the business being conducted on the subject premises to support the premise that subject property could in fact be rented for $250.00 per month. When interrogated on these factors, Williams conceded that economic rent is usually determined by the rent which leases of similar properties will bring on the present market, but stated he found no comparables in the White Castle area.
Dupont merely identified his appraisal which indicates that he found a leasehold advantage of $5,837.00 utilizing essentially the same process as Williams.
We deem it elementary that in a matter of this nature, economic rent may not be established simply by showing property *822 valuation, and determining mathematically the amount of rent an owner must receive in order to reap an acceptable return on his investment. To establish economic rent, it must be shown with reasonable certainty what rental the property could actually produce if put on the lease market at the present time. This may be shown either by comparables, that is, what other similar properties in the general areas currently produce in rent, by the income approach, meaning what rent is justified by the present income production of the property, or by the establishment of other factors which demonstrate what the property is actually capable of producing in present rentals. State, Department of Highways v. Branch, 262 So.2d 547 (La.App.).
Lessee having failed to establish a leasehold advantage, the trial court's award of $1,898.70 for this element of damages is erroneous and must be reversed.
In answering the Department's appeal and claiming additional compensation, Owner contends it has suffered damages in the form of loss of rental income. Despite the Department's objection, the trial court permitted Owner to introduce expert testimony concerning the present economic rental value of subject property in excess of the stipulated rent. It suffices to say that the measure of damages in expropriation cases is the fair market value of the land taken. Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295. Loss of business and profits are not recoverable in an expropriation proceeding. Central Louisiana Electric Co., Inc. v. Covington & St. Tammany Land and Improvement Co., 131 So.2d 369, (La.App.), and cases therein cited. The loss of future rentals is a business loss. We conclude that Owner is not entitled to damages for loss of future rentals of any nature whatsoever.
Owner's and Lessee's appraisers, Williams and Dupont, each submitted a statement in the sum of $850.00 for services rendered in preparing their respective appraisals, and also each indicated a daily charge of $200.00 for court appearance. The trial court fixed each said expert's fees at $1,050.00, and taxed said amounts as costs to be paid by the Department. Neither expert gave any testimony concerning the amount of time spent in preparing his report, and the reports themselves do not contain this important information. The Department urges that, under the circumstances, the trial court erred in fixing these expert witness fees.
The trial lasted one day. As noted above, neither Williams' nor Dupont's testimony was apparently offered in support of land values. On the contrary, it appears that Owner and Lessor were of the view the trial court had decided the question of land value after the appearance of the Department's experts, and that the testimony of Williams and Dupont was offered solely on the issue of claimed leasehold advantage by Lessee and Owner's claim for loss of rentals.
Granting that a trial court is vested with discretion in the assessment of expert witness fees, nevertheless, such awards must be made in consideration of the amount of time involved and the degree of learning, skill and experience of each such expert witness. State, Department of Highways v. Salemi, 249 La. 1078, 193 So. 2d 252. In this instance, the record shows only that Williams and Dupont spent one day each in court appearance.
Under the circumstances, we find the ends of justice will be best served by setting aside the awards made to said witnesses as expert witnesses' fees. Since we must remand this matter for determination of land value, we find that the matter of expert witness fees can be reassessed by the trial court after said witnesses shall have given their testimony concerning land value, and presumably have given the court the information upon which such fees are customarily fixed.
*823 It is ordered, adjudged and decreed that the judgment of the trial court awarding Owner damages in the sum of $10,000.00 for land taken, awarding Lessee damages in the sum of $1,898.70 for loss of leasehold advantage and awarding expert witnesses fees to appraisers Williams and Dupont in the sum of $1,050.00 each, be and the same is hereby reversed and set aside.
It is further ordered, adjudged and decreed that there be judgment herein rejecting the claim of Lessee for alleged loss of leasehold advantage as against either the Department or Owner, and also rejecting the claim of Owner for alleged loss of future rentals.
It is further ordered, adjudged and decreed that this matter be remanded to the trial court for trial of the issue of the compensation due Owner for the land expropriated herein and the assessment of expert witnesses fees.
Affirmed in part, reversed in part, and remanded.