338 So.2d 1171 (1976)
STATE of Louisiana, Through DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Mrs. Annie B. HAYWARD et al., Defendants-Appellees.
No. 13033.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1976.
William W. Irwin, Jr., Jerry F. Davis, Johnie E. Branch, Jr., Alva J. Jones, Bryan Miller by Bryan Miller, Baton Rouge, for plaintiff-appellant.
Cooper, Anding & Loftin by George K. Anding, Jr., Cotton & Bolton by W. D. Cotton, Rayville, for defendants-appellees.
Before BOLIN, MARVIN and JONES, JJ.
BOLIN, Judge.
Under the authority of the "quick taking" statute (La.R.S. 48:441 et seq.), the *1172 Department of Highways expropriated a portion of property owned by Annie B. Hayward and others. M. W. McKinney was the lessee of a service station located on the land taken. The parties were unable to agree on the amount due for the expropriated property and the case was tried in the district court, limited to the question of the amount due the landowners and the lessee. The landowners were awarded compensation for the value of the land taken and the improvements thereon, plus severance damage to the remainder of the land. The lessee was awarded compensation for the lease advantage of the unexpired portion of his lease. The Department of Highways appeals and we affirm.
Appellant specifies the lower court erred (1) in awarding an excessive amount to the landowners for severance damage; and (2) in awarding separate compensation to the lessee over and above the award to the landowners.
Since the district judge, in his written opinion, adequately and correctly states the law and the facts on the two questions before us, we shall not burden this opinion with details.
On the question of severance damages the lower court found accessibility to the remainder of defendants' property and the available parking space were materially diminished and awarded $5,250 severance damages. These are compensable items in fixing an award for severance damages if there is a resulting diminution in the value of the remainder. La.R.S. 48:453; State, Department of Highways v. Randolph, 170 So.2d 397 (La.App. 3rd Cir. 1965); State, Department of Highways v. Carso, 261 So.2d 682 (La.App. 2nd Cir., 1972). We find no error in this portion of the judgment.
We next consider the award to McKinney, the lessee of the service station. McKinney leased this property for five years for $215 per month. On the date of the expropriation this lease had an unexpired term, not subject to a sublease, of approximately 36 months. The Department of Highways owes the lessee the difference between the contract rent and the economic rent, the contract rent being that which the lessee contracted to pay to the lessor and the economic rent being that which the property would bring on the market at the time of the taking.
We agree with the lower court that the unexpired portion of the lease had a value of $7,200 over and above the contract rent. This total value was discounted since the lessee could not reasonably be expected to receive this advantage in one lump sum. The lower court awarded the lessee this discounted value or $5,950 as the value of his lease advantage. The evidence supports this award. State, Department of Highways v. Cockerham, 182 So.2d 786 (La.App. 1st Cir., 1965); State, Department of Highways v. LeBlanc, 319 So.2d 817 (La.App. 1st Cir., 1975).
Even though the lessee has suffered the loss of his lease advantage, it must be determined who is liable for this loss. If the economic value of the lease was considered in valuing the lessors' property the lessee would be relegated to recovering his loss from the lessors. However, if the lease advantage was not considered in fixing the value of the lessors' property, the expropriator is liable to the lessee for his economic loss. State, Cockerham and State v. LeBlanc, supra.
The lower court, after considering all of the evidence, concluded that the economic value of the lease was not taken into consideration in fixing the value of the lessors' property. We agree with this finding and conclude the lower court correctly cast the Department of Highways for the amount of economic loss of the lease advantage suffered by McKinney.
The judgment is affirmed.