ELLIS, Judge.
In this expropriation suit, the State took an entire parcel of ground, belonging to Lena Maggio, Cecile Maggio, Josephine Maggio and Carmelite Maggio Gullo, and leased by Matthew J. Randazzo. At the beginning of the trial, it was stipulated that the fair market value of the property was $38,460.00, so that the only issue presented was the apportionment of that amount between the lessors and the lessee. After trial on the merits, judgment was signed awarding $14,452.00 to Mr. Randazzo, and $24,008.00 to the Maggio sisters. From that judgment, the Maggio sisters have appealed. Mr. Randazzo has neither appealed nor answered the appeal, so the judgment is final as to him.
The record shows that the original lease herein was entered into by the Maggio sisters and M. J. Randazzo, the father of M. J. Randazzo, Jr., who is the party to this suit. Under the original agreement, dated August 8, 1962, the Maggio sisters gave the elder Mr. Randazzo full authority to build a building on their lot, using $11,000.00 of their money. After the building was completed the Maggio sisters entered into a lease, dated January 7, 1963, by virtue of *717 which Mr. Randazzo leased the property for $118.00 per month for a 10-year primary term, with the option to renew it on the same terms for two five-year periods.
At some point Mr. Randazzo, Jr., took over the business from his father, and operated it as his own. The elder Mr. Randazzo died in 1972, and the renewal of the lease from January 1, 1974, through December 81, 1979, was executed by Mrs. Randazzo, Jr., without any objection from the Maggio sisters. The lease contains a provision that, on its termination, the lessee had the right to remove from the premises any improvements or equipment placed thereon by him.
The order of expropriation herein was signed on June 2, 1975. The defendants filed answers, but no incidental demands were made by the defendants against each other, and the case was tried in that procedural posture.
Two expert witnesses testified in the case, both on behalf of Mr. Randazzo. Both of them testified on the assumption that all improvements on the land were the property of the lessee, Mr. Randazzo. At the time of the expropriation, the lease had either 102 or 103 months to run, according to the appraisers.
The appraisers each discounted the rent to be paid through the life of the lease to arrive at its present value. They then discounted the present value of the lot, without allowing for any improvements, to ascertain the reversionary interest that the Maggio sisters would have therein. This amount was added to the discounted value of the rent to arrive at the present value of the interest of the lessors-owners in the property. This figure was then deducted from the total value of the property to ascertain the value of the lessee’s interest.
J. Gerald Dupont, the first of the appraisers, testified that the lease had 102 months to run. He valued the entire property at $37,660.00 and the lot alone at $14,200.00 He figured the net rent, after taxes and insurance, to be $90.33, the total rent due for 102 months to be $9,213.66, and the discounted value thereof to be $5,311.71. He computed the reversionary interest of the owners in the lot at $6,832.00, and the total present interest of the owners to be $12,143.99. Subtracting this from the total value of the property, $37,660.00, he arrived at a leasehold interest of $25,516.00.
Kermit Williams, the other appraiser, testified that the lease had 103 months to run. He valued the entire property at $38,460.00, and the lot alone at $15,000.00. Using the same net rental and the same discount figures, he arrived at the present value of the interest of the owners of $13,413.00. Subtracting this from $38,460.00, he computed the value of Mr. Randazzo’s leasehold interest to be $25,047.00.
In reaching his opinion, the trial judge found that the improvements on the property had been paid for by the Maggio sisters, and were owned by them. He therefore used the improved value of the property as the basis for estimating their reversionary interest in the property, and added to that amount the discounted value of the rent, thereby arriving at the value of the owners’ interest. He subtracted this amount from the total appraised value of the property to reach the value of the leasehold advantage, which was awarded to Mr. Randazzo.
In this court, the Maggio sisters complain of the judgment in a number of respects. First, they complain that the trial judge had no authority, under the pleadings, to order the division of the compensation paid for the property. Second, it is claimed that Mr. Randazzo, Jr., has no right to any of the compensation, since his deceased father is the lessee in the original lease. Third, it is claimed that the trial judge used the wrong standard in arriving at the division of the award.
As to the first assignment of error, we find it to be without merit. R.S. 48:457 provides:
“The court also has the power to make such orders as are just and equitable with respect to distribution of the amount finally awarded.”
The trial judge exercised the authority specifically granted him by the law.
*718 On the second assignment of error, we note that Mr. Randazzo, Jr., testified that he bought his father out before his death in 1972. He renewed the lease as of January 1,1974, without objection from the Maggio sisters, and continued to operate the station until the property was expropriated, and to pay the rent thereon. Under the circumstances, the Maggio sisters cannot challenge his status as their lessee.
The third specification of error related to the standard used by the trial judge in fixing his award. In State, Department of Highways v. LeBlanc, 319 So.2d 817 (La.App. 1st Cir. 1975), we said:
“As to the value of Lessee’s leasehold interest, our jurisprudence follows the general rule that a lessee is entitled to compensation for the amount of a leasehold advantage, which is the difference between the value of the lease at the time of expropriation and the lease rentals Lessee has contracted to pay. If the value of the lease is equal to or less than the agreed rental, no leasehold advantage is due Lessee. If the present value of the lease is greater than the contract rent, Lessee is entitled to the difference. Where leasehold advantage is due the Lessee, it is payable out of the total market value of the property awarded the landowner who has burdened his land with the lease, if the value of the landowner’s interest is determined on a basis including consideration of the economic value of the lease at the time of taking
“To establish economic rent, it must be shown with reasonable certainty what rental the property could actually produce if put on the lease market at the present time. This may be shown either by comparables, that is, what other similar properties in the general areas currently produce in rent, by the income approach, meaning what rent is justified by the present income production of the property, or by the establishment of other factors which demonstrate what the property is actually capable of producing in present rentals.”
Both appraisers, who were accepted as experts by the court, testified that the method used by them in arriving at the leasehold advantage was a well recognized appraisal technique. There is no testimony to the contrary. We find the method to be within the guidelines set forth in the above quotation from the LeBianc case, supra, and that the judge utilized a proper standard.
Both appraisers erroneously assumed that all improvements on the property were the property of Mr. Randazzo, and their results were consequently incorrect. The trial judge utilized the same technique as the appraisers, but based his result on the assumption that the improvements were the property of the Maggio sisters. In so doing, he gave the Maggio sisters the maximum amount they could hope to receive. We therefore find no merit in the final specification of error.
The judgment appealed from is therefore affirmed. All costs of this appeal shall be paid by appellants, the Maggio sisters.
AFFIRMED.