KING, Judge.
The sole issue presented by this appeal is whether or not the trial court was correct in sustaining the defendant’s peremptory exception of no right or no cause of action and dismissing plaintiffs’ claim seeking compensation for the expropriation of leased property and for damages resulting from the taking.
This appeal is from a trial court judgment sustaining a peremptory exception of no right or no cause of action and the dismissal of the demands of Otto Klein-man, Jay Kleinman and Lafayette Fast Foods, Inc. (hereinafter referred to as the Kleinmans) against the City of Lafayette (hereinafter referred to as the City). The plaintiffs timely appeal this adverse judgment. We reverse and remand.
FACTS
The City instituted an expropriation proceeding to take certain business property, a part of which is occupied by the Kleinmans as a restaurant and sandwich shop. The Kleinmans filed suit against the City to recover damages for trespass and loss of business and profits resulting from the expropriation. These two suits were consolidated. The City filed a peremptory exception of no right or no cause of action to the Kleinmans’ suit seeking compensation for the taking of the Kleinmans’ property and for damages caused by the expropriation. For the hearing on the exception the parties stipulated that on August 24, 1983, when the City’s expropriation proceeding was filed, there was in effect a written lease in favor of the Kleinmans on a portion of the property the City sought to expropriate, but that the written lease was not recorded in the public records until April 24, 1985.
The trial court maintained the City’s peremptory exception and ordered the Klein-mans’ suit dismissed with prejudice. A written judgment was signed and the Kleinmans timely appeal.
Thus, the issue to be determined on appeal is whether the holder of an unrecorded lease has a standing in court to seek to be compensated for the value of his leasehold interest and for damages resulting from the taking of the leased property by expropriation.
A lessee has a right to bring an action for compensation for the taking of its leasehold interest and damages for its property expropriated by a governmental body under the power of eminent domain, even though the lease creating the lessee’s property interest has not been recorded, where the lessee’s property interest has not been recorded, where the lessee’s property interests are damaged by the expropriation. State Dept. of Transp. & Development v. Jacob, 483 So.2d 592 (La.1986).
In reviewing the record we find that the Kleinmans have a right of action and that their petition states a cause of action *892 for damages against the City arising out of the expropriation of property occupied by the Kleinmans as lessees under an unrecorded lease when the expropriation suit was instituted.
For these reasons we reverse the judgment of the trial court maintaining the City’s exception of no right or no cause of action and ordering the plaintiffs suit dismissed with prejudice at its costs. The matter is remanded to the trial court for further proceedings. All costs of this appeal are taxed to the defendants-appellees.
REVERSED AND REMANDED.