EDWARDS, Judge.
Plaintiffs appeal a trial court judgment sustaining defendants’ exception of no right of action. For the following reasons we reverse.
In April, 1986, plaintiffs filed suit against the State of Louisiana and the City of Baton Rouge alleging that recent street modifications to Siegen Lane and Airline Highway caused plaintiffs decreased property values, loss of business profits and limitation of access. The defendants jointly filed exceptions of no cause of action and no right of action, stating that two of the plaintiffs, Interstate Auto Parts, Inc., and World Package Liquors, Inc., were unrecorded lessees and thus had no right of action against defendants. The exception further stated that the plaintiffs were not entitled to damages under the allegations made in their suit.
Immediately thereafter, plaintiffs amended their petition alleging defendant’s con *465 struction project had caused, “Substantial impairment of ingress and egress to petitioners’ property and places of business, which impairment is peculiar to petitioners’ properties and places of business....”
At the hearing on the exceptions the trial judge denied defendant’s exception of no cause of action, stating that whether or not there was “substantial impairment of ingress and egress”, was a factual determination to be decided at trial. This ruling allowed the owners of the property, the Slocums, to maintain their suit against the defendants. The trial judge however, did grant defendant’s exception of no right of action as to the two lessees of the property, Interstate Auto Parts, Inc., and World Package Liquors, Inc., and dismissed them from the pending litigation. The decision to dismiss the two lessees of property was apparently based on the fact that these leases were unrecorded.
Since the rendition of the judgment sustaining defendants’ exception of no right of action as to the two lessees, the Louisiana Supreme Court has decided State Dept. of Transportation and Development v. Jacob, 483 So.2d 592 (La.1986). Jacob held that in expropriation suits, an unrecorded lessee does have a compensable property interest when the property he leases is expropriated by the state. (Emphasis added).
The issue thus squarely before this court is whether the jurisprudence in Jacob should apply to situations where there is no expropriation, but where street construction and improvements, substantially impair the right of ingress and egress to lessees of the property so affected.
LAW
The trial court found, in denying the exception of no cause of action and sustaining the exception of no right of action, that the petition alleged a legitimate cause of action against the defendants but that this right only existed as to the owner/lessor of the property, not the lessees. The court in Jacob held that an unrecorded lessee has a compensable property interest when the property is expropriated by the state. Also in State Dept. of Transp. and Dev. v. Exxon Corp., 430 So.2d 1191 (La.App. 1st Cir.), cert. denied, 437 So.2d 1155, 1156 (La.1983), this court held that a lessee could recover for diminished access when the property was expropriated. Both cases dealt with damages suffered by a lessee when the property was expropriated.
In Dickie’s Sportsman’s Centers, Inc. v. Dept. of Transportation, 477 So.2d 744 (La.App. 1st Cir.), cert. denied, 478 So.2d 530 (La.1985), this court held that even absent an expropriation by the state, a landowner has a cause of action against a political body who, by construction or improvements to a roadway, substantially interferes with his means of ingress and egress.
The underlying basis for these decisions was LSA-Const. Art. 1 § 4 and its predecessor, Art. I § 2 of the 1921 Louisiana Constitution. We are asked whether the same rationale should apply to a lessee who suffers from diminished access when there is no expropriation. In view of the Louisiana Supreme Court’s interpretation of Art. 1 § 4 and the court’s rationale of extending the scope of coverage to lessees, we find that if both an owner/lessor and the lessee can recover when there is an expropriation {Jacob) and an owner/lessor can recover when there is no expropriation {Dickie’s), then a lessee should also be entitled to recover when there is no expropriation.
• We therefore hold that a lessee has a right of action when his means of ingress and egress are substantially interfered with, even in the absence of expropriation by the state. Costs in the amount of $315.95 are to be assessed against the State; the remaining costs to be against the City.
REVERSED AND RENDERED.