548 So.2d 365 (1989)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT, Plaintiff-Appellant,
v.
Larry E. CLARK, et ux., Defendants, Appellees.
Nos. 20579-CA, 20580-CA and 20581-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1989.
Rehearing Denied September 21, 1989.
Writ Denied December 1, 1989.
*366 Bertrand & Soileau by Charles E. Soileau, Baton Rouge, for plaintiff-appellant.
Gravel & Brady by Robert L. Ledoux, Baton Rouge, for defendants-appellees.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
In this case the State expropriated from the defendants, Larry E. Clark and his wife, almost all of three lots of land in Shreveport for Interstate 49. The defendants had on the property a building which was being occupied by a lessee, L & M Hair Care Products, Inc., a corporation "owned" by the Clarks.
To limit the trial issues, the State and the defendants entered into a pre-trial stipulation as to the value of the property taken ($173,985) and also the amount of severance damages ($12,034) due.[1] Only one question was to remain, viz., whether the defendants were entitled to be awarded the cost of replacing the expropriated property due to its uniqueness and location in connection with the hair care business involved. The lower court then ruled, following trial, that the defendants were entitled to the cost of a replacement facility instead of merely the depreciated market value of the property taken. Cf. City of Shreveport v. Standard Printing Co., 427 So.2d 1304 (La.App. 2d Cir.1983); State of Louisiana v. Constant, 369 So.2d 699 (La.1979).
The State has appealed that judgment, challenging the trial court's conclusions regarding the entitlement to a replacement facility and several of the other items included in the total compensation award. Defendants have answered the appeal, contending the award for attorney's fees should be increased. For the reasons discussed below, we conclude that the trial court erred in failing to distinguish between the rights of defendants and the rights of their corporation-lessee, and we reverse the compensation awarded to defendants in excess of the figures to which the parties stipulated.

DISTINGUISHING THE DEFENDANTS' RIGHTS FROM THE CORPORATION'S RIGHTS
A corporation is a distinct legal entity, separate from those individuals who comprise it. Hill v. Doctor's Park of Minden, Inc., 501 So.2d 987 (La.App. 2d Cir. *367 1987). In this case, the Clarks' corporation was a separate legal entity from the Clarks personally and, as lessee of the expropriated building, unquestionably had interests in the subject matter of the proceedings. Of course, the corporation's interests as lessee were separable from the Clarks' interests as lessors so that a judgment could be rendered concerning the latter without directly affecting the former. Nonetheless, the joinder of the corporation in the suit was necessary for a complete adjudication of the entire expropriation controversy, a controversy which pertained to all with legal standing to seek compensation. Therefore, while the corporation was not an indispensable party to the litigation, it was a necessary party. LSA-C.C.P. Art. 641, 642. However, the corporation neither was made a party defendant, nor intervened. Thus, the trial court could not adjudicate the compensation rights or interests of the corporation and, in attempting to do so, erred.
An appellate court has the power to render any judgment which is just, legal and proper upon the record on appeal. LSA-C. C.P. Art. 2164. In order to render a judgment in this case which, unlike the proceedings below, adjudicates only the rights of the Clarks and not their corporation, it is first necessary to bring into focus the blurred line separating the compensation rights of the individual defendants from those of their corporation.
The right to compensation in an expropriation case is based on LSA-Const. Art. 1, § 4 (1974) which provides that property shall not be taken or damaged by the State or its political subdivisions except for public purposes and with just compensation paid to the owner or into the court for his benefit.
The Louisiana Supreme Court held in State Department of Transportation and Development v. Jacob, 483 So.2d 592 (La.1986), that the clear intent of the framers of the Louisiana Constitution of 1974 was to expand the right to compensation to include not only property owners, but also other persons who had legal status to require compensation such as lessees.
The trial judge, in his written opinion, stated that this case involved the taking of the entirety of an owner-occupied ongoing business as opposed to a partial taking. Actually, the business premises were occupied by the corporation-tenant, not the owners. The court further stated that, similar to the situation involved in City of Shreveport v. Standard Printing Co., supra, the defendants herein needed to relocate "their business" with a view toward a particular market, i.e., a black clientele.[2] The court found that Mr. Clark needed "his business" to be located in Shreveport close to Interstate 20 to facilitate truck access, close to a bus route to facilitate his walk-in customers and distributors, and in the black community. Thus, it was concluded that the Clarks were entitled to the cost of replacing the expropriated building and land, and they were awarded, for that purpose, $191,781 over and above the stipulated total. Besides that increase, amounts were also awarded for installation of a sprinkler system, a telephone system, and a replacement sign, and for moving the inventory to the new location, all adding up to an award of some $221,000 more than the stipulated total. Attorney's fees of 20 percent of the difference between the total award and the stipulated amount were also granted, along with expert witness fees and costs.
It is immediately apparent though that those portions of the award, exceeding the stipulated amounts, were designed to provide compensation to the corporation whose particularized market and special circumstances entitled it, in the lower court's opinion, to a replacement facility. However, as previously stated, because the corporation was not a party to the lawsuit, this award of compensation for its benefit was inappropriate. See LSA-C.C.P. Arts. 681, 927(5) and 1201. Moreover, while a lessee of an expropriated facility, who is a party to an expropriation lawsuit and *368 whose facility is truly unique in its location, may be entitled to the cost of renovating another facility possessing those unique location requirements, that lessee might well be overcompensated if made the owner of the other facility. In any event, the Clarks, who merely were lessors of the building in this case, were not entitled to a replacement facility, but simply to the market value of the expropriated property and improvements, together with severance damages and any applicable legal expenses. [In that connection, it is noteworthy in both Constant, supra and Standard Printing, supra, the landowners also owned the business.] Thus, that portion of the judgment awarding the Clarks additional compensation above the severance damages and market value of the expropriated land and improvements was inappropriate and must be reversed.

THE AMOUNT OF COMPENSATION DUE THE CLARKS
Although the Clarks, the only party defendants to this lawsuit, as lessors and as individuals separate from their corporation, are simply entitled to the market value of the expropriated property and improvements, severance damages, and legal expenses, the dollar amount of that compensation must be determined. Nevertheless, as will be indicated, that determination is controlled for the most part by the pre-trial stipulation of the parties.
Under the written joint stipulation, the parties agreed that the depreciated market value of the expropriated land and improvements was $173,985, and that severance damages to the land still owned by the Clarks was $12,034, for a stipulated total of $186,019.
Furthermore, in the stipulation, the Clarks judicially admitted that they had not suffered and would not suffer any other pecuniary loss. That admission stated, in effect, that they would make no claims for economic loss, loss of business, loss of income, or expenses involved in moving to another location.
A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. R.J. D'Hemecourt Petroleum v. McNamara, 444 So.2d 600 (La.1983), cert. denied, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984). Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law, and are the law of the case. Id.
Thus, the written pre-trial stipulation of the parties in the present case had the effect of a judicial confession binding both the parties and the court. As stated in LSA-C.C. Art. 1853, a judicial confession constitutes full proof against the party who made it, and may be revoked only on the ground of error of fact. See also Succession of Williams, 418 So.2d 1317 (La.1982).
The effect of the stipulation in this case, which sets forth the value of the expropriated land and improvements, fixes severance damages, and waives all other potential compensation rights of the Clarks, is to limit the Clarks' recovery to the stipulated amount of $186,019.
Nevertheless, a determination of the reasonableness of attorney's fees is exclusively the prerogative of the court. Standard Printing, supra. Indeed, even if parties attempt to fix or stipulate such feeswhich did not occur herecourts are not so bound. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982). In the present case, as previously stated, the trial court adjudicated attorney's fees as a percentage of the earlier award. We similarly now fix attorney's fees to defendants at 25 percent of the difference between the $114,177 deposited by the State and the $186,019 recovery. LSA-R.S. 48:453(E). Therefore, defendants are entitled to attorney's fees in the amount of $17,960.50.

CONCLUSION
For the foregoing reasons, we reverse that portion of the judgment of the trial court awarding compensation over and above the stipulated market value of the expropriated property and severance damages. The judgment is hereby amended to award defendants the sum of $186,019, *369 subject to a credit of $114,177 for the amount previously deposited in the registry of the court by plaintiff. The judgment below is further amended to award defendants attorney fees in the amount of $17,960.50. In all other respects, the judgment of the trial court is affirmed. The costs of appeal shall be divided evenly between the parties.
REVERSED IN PART, AMENDED IN PART, AND RENDERED AS AMENDED.

ON APPLICATION FOR REHEARING.
Before MARVIN, LINDSAY, HIGHTOWER, HALL and NORRIS, JJ.
Rehearing denied.
NOTES
[1] The defendants were left with a small parcel of one of the three lots involved.
[2] The corporation, L & M Hair Care Products, Inc., manufactured and distributed black hair care products.