WILLIAMS, Judge.
In this sequel to State, Dept. of Transp. & Dev. v. Clark, 548 So.2d 365 (La.App.2d Cir.1989), writ denied, 552 So.2d 395 (La.1989), we granted writs on the application of each litigant to review the trial court’s overruling of the State’s plea of prescription to plaintiff’s claim for constitutional compensation, which was filed on July 5, 1990, for property taken in Clark, supra on November 11, 1986. We are also reviewing the trial court’s ruling that L & M has the burden of proof in the action.
DISCUSSION
We noted in Clark, supra that the right to compensation for property, expropriated by the State had been expanded to include not only the property owners, but others such as lessees of the property. LSA-Const. Art. 1, § 4; State Department of Transportation and Development v. Jacob, 483 So.2d 592 (La.1986).
In Clark, the State and Mr. & Mrs. Clark had stipulated the value of the property taken and the severance damages in the trial court. We noted that only one question was presented in the appeal by the State: The amount, if any, Mr. and Mrs. Clark should be awarded for the cost of replacing the expropriated property due to its uniqueness and location in connection with the hair care business involved. Clark, 548 So.2d at 366. (emphasis added)
L & M Hair Care Products, Inc. (L & M) was the hair care business on the property and was owned individually by Mr. and Mrs. Clark. L & M is the plaintiff in this action that the State contends was belatedly filed July 5, 1990.
We observed in Clark that the State did not seek to join Mr. and Mrs. Clark’s corporation, L & M, and did not assert that L & M was either a necessary or indispensable party to Mr. and Mrs. Clark’s demand for the losses of their corporate business. We noted that L & M, a legal entity separate and distinct from Mr. and Mrs. Clark, was a necessary party to that litigation and that the trial court erred in adjudicating the business loss rights or interests of Mr. and Mrs. Clark and reversed that part of the trial court’s judgment. Clark, 548 So.2d at 367-9.
Parenthetically at this juncture, we observe that the failure to join an indispensable party may be noticed by a trial or an appellate court on its own motion, but that the failure, to join a necessary party may be pleaded only in the dilatory exception. LSA-C.C.P. Art. 645. Of course, the State, being the defendant to Mr. and Mrs. Clark’s demand, was the party that should have filed the exception of nonjoinder or the exception of no right of action in Clark. LSA-C.C.P. Arts. 641, 642, 926, 927. In any event, this court in Clark effectively required Mr. and Mrs. Clark to bring a separate action in the name of L & M against the State for the business losses arising out of the State’s expropriation of Mr. and Mrs. Clark’s property.
LSA-C.C. Art. 3467 provides that liberative prescription runs against all persons unless subject to some exception established by law. One jurisprudentially established exception is contra non valen-tem. Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979). This doctrine may be applied in four situations: (1) where a legal cause prevented the courts from taking cognizance or acting on plaintiff’s action; (2) where some condition coupled with the contract or connected with the proceeding prevented the creditor from *1196 suing or acting; (3) where the debtor has done some act that effectively prevented the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though plaintiffs ignorance is not induced by defendant. The second circumstance is applicable in the instant suit.
The trial court in Clark addressed the State’s contention that no award was legally warranted for the cost of replacing the expropriated property because of the uniqueness and location of L & M’s business, which was owned and operated by Mr. and Mrs. Clark. That cause of action was asserted, tried and adjudicated in the trial court. In the appeal, the State contended that no business losses-replacement cost award should have been made by the trial court and, in any event, that some of the business losses were abusively high or excessive. The Louisiana Supreme Court denied writs in Clark on December 1, 1989. Clark, 552 So.2d 395 (La.1989). L & M filed its action about six months later.
Under the recited circumstances, Mr. and Mrs. Clark did not fail to timely institute the cause of action for constitutional compensation for L & M’s business losses arising out of the expropriation. The State failed to file the exception of nonjoinder or the exception of no right of action.
If for any reason the State had not appealed in Clark, the trial court’s judgment would have become definitive. If this court had agreed with the State’s position in Clark that the business losses-replacement cost awarded by the trial court to Mr. and Mrs. Clark should be reduced, any demand against the State for these losses by Mr. and Mrs. Clark through their L & M corporation after our judgment became definitive would have found disfavor with the courts. A court simply would not have required the State to pay for these losses twice, first to Mr. and Mrs. Clark and thereafter to their corporation, L & M.
The record in Clark clearly revealed to the State and to us that Mr. and Mrs. Clark’s corporation, L & M, and not Mr. and Mrs. Clark individually, owned and operated the business on Mr. and Mrs. Clark’s property that the State expropriated. In Clark, the State could have and should have required Mr. and Mrs. Clark to cause L & M to be joined in that action or to institute a separate action for the business losses of L & M arising out of the State’s expropriation. L & M instituted its separate action only after we effectively required it to do so in Clark.
We shall therefore hold that prescription was not accruing against the cause of action for business losses arising out the expropriation of Mrs. and Mrs. Clark’s property until we noticed that the proper party to assert that cause of action was Mr. and Mrs. Clark’s corporation, L & M, and not Mr. and Mrs. Clark individually, notwithstanding that the cause of action had been fully litigated by the State with Mr. and Mrs. Clark in the trial court. This circumstance therefore is akin to the circumstances in which the doctrine of contra non valentem may be applied to prevent the accrual of liberative prescription to benefit a defendant. We shall not allow the State to dismiss on an exception of prescription the same cause of action against the State that Mr. and Mrs. Clark first instituted timely, though individually, and later untimely, though in the name of their corporation. The State’s failure in Clark effectively created a condition in the Clark proceeding that prevented or made it unnecessary for L & M to assert its cause of action until we “corrected” or “erased” this condition by our own notice in the appeal in Clark. Moreover, even from this scant record thus far made in the trial court, until this court’s opinion was rendered in Clark, the Clarks obviously did not know, actually or constructively, that the proper party to assert the cause of action was not themselves, individually, but their corporation, L & M Hair Care Products, Inc.
CONCLUSION
Having affirmed the trial court’s judgment overruling liberative prescription, we *1197 need not decide what prescriptive statute, LSA-R.S. 9:5624 or LSA-R.S. 13:1511, is applicable. Neither statute squarely addresses the circumstances of this case. Under either statute, the respective prescriptive period did not begin to accrue until this court rendered its opinion in 1989. Thus, L & M’s independent action for constitutional compensation was instituted timely on July 5, 1990.
L & M will not be handicapped by the trial court's placing the burden on L & M of proving its case at trial, i.e., causal connection of the losses to the expropriation and the amount of the losses. Mr. and Mrs. Clark had witnesses to testify in Clark. We shall not disturb the trial court’s ruling.
DECREE
We find no reversible error at this juncture. We affirm and remand for further proceedings. Costs are assessed against the State insofar as the law allows.
AFFIRMED; REMANDED.