JUDE G. GRAVOIS, Judge.
12This case concerns review of an expropriation compensation award to Orleans Shoring, LLC (“Orleans Shoring”), the lessee of a parcel of land in Jefferson Parish on the corner of Powerline Drive and Riverside Drive (a/k/a the River Road) near the City of Harahan, a portion of which parcel was expropriated by the Parish of Jefferson (“the Parish”) for improvements necessary for implementation of the Southeast Louisiana Urban Flood Control Jefferson Parish East Bank Project (“the SELA Project”). After a one-day bench trial on the issue of compensation, the owner of the land, Powerline, LLC (“Pow-erline”), was awarded $15,216.36 in compensation for the taking, and the lessee of the land, Orleans Shoring, was awarded $65,474.50 in compensation for the taking.[1] The owner, Powerline, did not appeal the trial court’s judgment in its favor. The lessee, Orleans Shoring, appealed the trial court’s judgment, arguing that the trial court’s l3award of compensation was inadequate to fully compensate it for its losses resulting from the taking. The Parish neither appealed the judgment, nor answered Orleans Shoring’s appeal.
For the reasons that follow, we affirm.

FACTS

Christian Cancienne testified at trial that he is the sole owner of Powerline, the owner of the expropriated property, and of Orleans Shoring, the lessee of the expropriated property. The record shows that in June of 2012, the Parish filed this expropriation proceeding against Powerline, expropriating a portion of “Parcel B,” the land upon which Orleans Shoring’s business operations are located, asserting that the expropriated portion of Parcel B was required for improvements necessary for an aspect of the SELA Project. A stipulation entered at trial shows that the total area of Parcel B is 43,412 square feet, and that the expropriated portion of Parcel B totaled approximately 1,348 square feet. The Parish obtained an appraisal from Wayne Sandoz, a certified appraiser, who calculated Powerline’s total damages for *253 the taking at $11,100.00.[2] Powerline declined the Parish’s offer of compensation in this amount and this suit ensued.
Orleans Shoring intervened in the suit in November of 2012, claiming that it was the lessee of the property expropriated. It claimed that it used the leased property as a storage and marshaling yard in the operation of its business, which was primarily the elevation, leveling, and foundation repair of houses and other buildings in the greater New Orleans area. It claimed that as a result of the expropriation, it would lose at least five parking spaces necessary to the conduct of its business, as well as storage space for one of its 40-foot trailers, and space for a large storage container, a pipe rack, and a work shed, among other things, and |4would lose the ability to load and rotate its trailers efficiently. It asserted that as lessee of the expropriated land, it was entitled to compensation from the expropriating authority-
In its petition of intervention, Orleans Shoring also alleged that it was attempting to purchase adjacent unimproved property, which was larger in area than the expropriated portion of Parcel B (but which could not be subdivided), and upon which it could relocate that portion of its business affected by the taking, at a total cost (including required improvements) of approximately $200,000.00.
At trial, Orleans Shoring proposed a second mitigation scenario. It presented a letter from the mayor of the City of Harahan, offering to rent Orleans Shoring six parking spaces from the City for employee parking at $10.00 per day per space, which parking spaces were located approximately three blocks away from the subject property, for the remainder of the mayor’s term (or about three years).[3] At trial, Orleans Shoring claimed that these costs, combined with other additional parking space from the City of Harahan for two of its large trucks and trailers, would total over $1 million dollars over Mr. Cancienne’s 30-year life expectancy, as determined by Orleans Shoring’s economic expert. Alternatively, Orleans Shoring proposed that in order to be fully compensated for the taking, its compensation should be the amount of money necessary for purchasing and improving the adjacent tract of land discussed above.
Orleans Shoring did not present any evidence relating to relocation costs of its business as a whole, as its owner testified that he did not wish to relocate the business. Nor did Orleans Shoring present any evidence of what it would cost to relocate the equipment (other than the vehicles) that was situated on the portion of | fitaken land.[4] Orleans Shoring also failed to present any evidence relative to any other business expenses related to the taking, such as lost profits.
The trial court awarded Orleans Shoring $65,474.50, representing approximately one-fourth of the amount it claimed under its land purchase compensation scenario. Orleans Shoring now appeals, claiming *254 that this award fails to fully compensate it for its losses resulting from the taking. On appeal, it asks for compensation in the amount of $261,898.00, the amount needed for purchasing and improving the adjacent tract of land.

ANALYSIS

In an expropriation proceeding, a factfinder’s factual determinations as to the value of property and entitlement to other types of damages are subject to the manifest error standard of review, while the amount of damages awarded is subject to the abuse of discretion standard of review. State, Dep’t of Transp. & Dev. v. Monteleone, 11-1013 (La.App. 5 Cir. 11/13/12), 106 So.3d 153, 158, reh’g denied, writ denied, 13-0118 (La.3/1/13), 108 So.3d 1179.
The law is clear that under the Louisiana Constitution of 1974, the framers had the intent of expanding the right to compensation in expropriation proceedings to include not only property owners, but also those other persons who have legal status to require compensation, such as lessees. State, Dept. of Transp. & Dev. v. Clark, 548 So.2d 365, 367 (La.App. 2 Cir.1989). A lessee’s damages may consist of loss of business profits and other business losses, and the expense of relocating, if proven and applicable. Clark, supra; Huckabay v. Red River Waterway Com’n, 27,113 (La.App. 2 Cir. 10/12/95), 663 So.2d 414; Holland v. State, Dept. of Transp., 554 So.2d 727 (La.App. 2 Cir.1990), writ denied, 559 So.2d 125 (La.1990); Packard’s Western Store, Inc. v. State, Dept. of Transp., 618 So.2d 1166 (La.App. 2 Cir. 1993).
The burden of proving damages in an expropriation proceeding rests on the party seeking them, who must prove such damages with legal certainty by a preponderance of the evidence. Huckabay v. Red River Waterway Com’n, supra, at 421. Speculation, conjecture, mere possibility or the unsupported probability are not sufficient to support such an award. Id.
The trial court awarded Orleans Shoring compensation in the amount of $65,747.50 for the taking. On appeal, Orleans Shoring asks for compensation in the amount of $261,898.00, which consists of the total cost of Orleans Shoring to purchase the adjacent tract of land and to make the required improvements thereon. As noted above, the trial court awarded Orleans Shoring approximately one-fourth of the amount it claimed, finding that it proved that it would be damaged by the loss of the expropriated portion of Parcel B, but reasoned that as a lessee, the law did not require that it be made the owner of new property as just compensation for the partial taking of its leased premises. As such, the trial court awarded Orleans Shoring only an amount representing approximately one-fourth of the amount it claimed was the purchase price of the adjacent property (plus necessary improvements), reasoning that the new property was approximately four times larger than the expropriated portion of the leased property.
In brief, Orleans Shoring cites State Through Dept. of Highways v. Constant, 369 So.2d 699 (La.1979), for the proposition that it is to be compensated to the full extent of its loss, which it alleges on appeal is $261,898.00. However, Constant discussed the compensation due to an oumer of expropriated property, which therefore makes that case distinguishable from the instant case and accordingly not applicable to the facts herein.
|7The jurisprudence noted above establishes that while lessees are entitled to compensation for certain losses they may have suffered from the expropriation when their leased premises are taken, a lessee is not entitled to be made the owner of other *255 immovable property as just compensation for the taking of the leased premises or a portion thereof. Indeed, the court in State, Dept. of Transp. & Dev. v. Clark, supra, stated in dicta:
“... while a lessee of an expropriated facility, who is a party to an expropriation lawsuit and whose facility is truly unique in its location, may be entitled to the cost of renovating another facility possessing those unique location requirements, that lessee might well be overcompensated if made the owner of the other facility.”
Clark, supra, 548 So.2d at 367-368.
Owners and lessees of expropriated property have different and separable interests in the property, even when the owner of the land also owns the corporation that is the lessee of the land, and a lessee’s reliance on cases that determined the compensation due owners, such as Constant, supra, upon which Orleans Shoring relies in brief, is inappropriate. Clark, supra. It is apparent that Orleans Shoring proceeded as if it holds an ownership interest in the subject property, which it clearly does not, or perhaps lost sight of the fact that it is a distinct legal entity from either Powerline or Mr. Cancienne, though he is the sole owner of both.[5]
Orleans Shoring, as lessee of this property, had the burden of proof to establish both the type(s) of damages due to a lessee of expropriated property, such as business losses, lost profits, and/or relocation costs, and the amount(s) thereof, with reasonable legal certainty, contrary to its assertion in brief that the burden of proof lay with the Parish. Orleans Shoring met its burden regarding establishing | sthat the taking would require it to relocate certain vehicles and equipment and would cause it to lose between five and ten parking spaces integral to its business, but the record is void of particular evidence regarding the amount of those costs (other than the proposed lease from the City of Harahan).
In support of its claim for the amount of compensation due it, Orleans Shoring introduced into evidence an “Option to Purchase Agreement” between Mr. Cancienne, in his individual capacity, and George Stringer, III, the owner of the adjacent property. The Option to Purchase Agreement fails to mention Orleans Shoring or Powerline, though it states that Mr. Canci-enne is allowed to assign the agreement during the 90-day option period to “any limited liability company of his choice.” Thus, there was no requirement that Mr. Cancienne exercise the agreement, assign it, or assign it to Orleans Shoring in particular. The Option to Purchase Agreement, accordingly, does not meet Orleans Shoring’s burden of proof regarding the amount of any damages it might have suffered due to the taking as a lessee rather than as an owner.
Further, and importantly, we note that the Parish did not appeal the award granted to Orleans Shoring, nor answer Orleans Shoring’s appeal.[6] In brief, the Parish concedes that Orleans Shoring did prove that it would suffer some compensa-ble damages as a lessee of the taken property. We agree that the record supports *256 this factual finding. We further agree with the Parish’s statement in brief that “[t]he Trial Court should be commended for fashioning a fair result for the parties considering the lack of evidence directed at proving the true loss to Orleans Shoring’s leasehold interest.”
| Accordingly, under the particular and somewhat unique facts and circumstances involved in this case, and also particularly considering the fact that the Parish did not appeal the amount of the award in Orleans Shoring’s favor nor answer Orleans Shoring’s appeal, we find the trial court did not err in awarding Orleans Shoring compensation for the taking in the amount of $65,474.50. As such, Orleans Shoring’s assignment of error is without merit.

CONCLUSION

Accordingly, for the reasons assigned above, the trial court’s judgment in the amount of $65,474.50 in favor of Orleans Shoring is hereby affirmed.

AFFIRMED.

. The trial court signed a Partial Judgment of Expropriation in this proceeding on August 21, 2012, granting the Parish’s Petition for Expropriation of Property and ordering that “defendant be compensated for this lawful taking in an amount to be determined in subsequent proceedings herein.” Accordingly, the only issue before the trial court for determination at the trial was the amount of compensation, if any, due Powerline and Orleans Shoring as a result of the taking.

. Mr. Sandoz’s appraisal report was introduced into evidence.

. Mr. Cancienne testified that he was unaware if the City Council of Harahan had authorized the Mayor to lease those parking spaces to Orleans Shoring or if the City Council had passed a resolution to that effect. The letter from the Mayor to Orleans Shoring does not contain this information.

. Orleans Shoring has not claimed that the particular location it occupies is unique in the sense that the business could not be successfully relocated elsewhere, only that it did not wish to relocate; nor did the current mayor of Harahan wish it to relocate. Testimony and evidence relative to Orleans Shoring’s financial statement were taken under seal.

. The lease between Powerline and Orleans Shoring was never offered into evidence; thus, the trial court had no information as to the term of the lease or the amount of the rent. The parties stipulated that the lease was in its third iteration since 2006.

. Where defendant neither appealed from judgment for plaintiff nor answered appeal of plaintiff who complained of inadequacy of damages awarded, Court of Appeal was without power to reverse judgment or to reduce amount of award to plaintiff. Peppers v. Toye Bros. Yellow Cab Co., 198 So. 177 (La.Ct.App.1940). Though in this case the Parish is actually the plaintiff and Orleans Shoring an *256 intervenor/defendant, the legal precept is the same.